# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | |
| § | CASE NUMBER 6:20-CR-00076-JCB-JDL |
| JASON RAY SCOTT, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 21, 2021 the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jason Scott. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Failure to Register as a Sex Offender, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 10 and a criminal history category of II, was 8 to 14 months. On January 22, 2020, District Judge William M. Conley sentenced Defendant to 14 months imprisonment followed by five years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, search and search warning to others in household, mental health aftercare, sex offender registration, notification requirements due to criminal history involving sex offense against a minor, computer monitoring, prohibited from viewing or possessing depictions of sexually explicit conduct of minors, no contact of any kind with minors, prohibited from working or volunteering where defendant would have access to minors, sex offender aftercare, and a $100 special assessment. On June 25, 2020, Defendant completed his term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to submit a complete written report within the first five days of each month. In Allegation 1 of its petition, the government alleges Defendant violated the conditions of his supervised release when he failed to submit a monthly supervision report for the month of April 2021. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to submit a monthly supervision report for the month of April 2021, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court (1) a sentence of 6 months imprisonment, (2) four years of supervised release to follow and (3) the additional supervised release condition that absent suitable housing for Defendant approved by the U.S. Probation Office, Defendant will reside in a halfway house for 6 months upon release from imprisonment.

The court therefore **RECOMMENDS** that Defendant Jason Scott's plea of true be accepted and he be sentenced to a term of 6 months imprisonment with four years of supervised release to follow. The court also **RECOMMENDS** an additional supervised release condition that absent suitable housing for Defendant approved by the U.S. Probation Office, Defendant will reside in a hallway house for 6 months upon release from confinement. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, if available. The parties

waived their right to objections so this matter shall be immediately presented to the District Judge J. Campbell Barker for consideration.

**So ORDERED and SIGNED this 21st day of December, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE